## Market Street National Bank et al., Executors, v. Huff et al.

*John J. Sullivan* and *C. B. Wagoner*, for petitioners.

*I. S. Grossman*, for respondents.

SMITH, P. J., August 14, 1934.—The petition filed in this case avers that the plaintiffs are the executors under the will of Justine M. Schmidt, deceased; that judgment was entered in favor of the plaintiffs and against the defendants by virtue of the warrant of attorney annexed to the bond and warrant, which was secured by a mortgage covering the premises in question, and damages assessed for $16,555; that, on a writ of fi. fa. real estate issued upon the said judgment, the premises were sold at sheriff's sale on Monday, June 4, 1934, to the attorney on the writ for the sum of $50, which is insufficient to satisfy the debt, interest, and costs; that plaintiffs, pursuant to the provisions of the Act of January 17, 1934, P. L. 243, pray the court to fix the fair value of the property sold and cause a deficiency judgment to be entered in favor of plaintiffs and against defendants for the balance of the debt, interest, and costs in excess of the fair value so fixed.

To this petition the defendants filed an answer, admitting all the averments of the bill.

On June 27, 1934, on motion of John J. Sullivan, Esq., attorney for plaintiffs, Finletter, President Judge of Court of Common Pleas No. 4, fixed Monday, July 16, 1934 at 11 a. m. (daylight saving time) in room K, 654 City Hall, as the time and place for the presentation and hearing of the annexed petition, providing that 10 days' notice thereof be given the defendants. The hearing was had on July 16, 1934, at 2 p. m. (daylight saving time.) . . .

## Discussion

The premises in question are located on the east side of Old York Road, about 176 feet north of Champlost Avenue, in the City of Philadelphia, in that section of the city known as Branchtown. These premises consist of an old 3-story stone building with a store front, with a 2-story frame building attached to the north thereof, with a smaller detached building at the northern end of the lot, 17 garages, an old dilapidated barn not in use, and three small frame sheds attached to or near to said barn. The defendants are in default of interest payable to the holder of the first mortgage. The executors of the estate of Justine M. Schmidt were appointed on March 13, 1933. Among the assets of the decedent was a bond and mortgage secured upon the premises known as 6025 Old York Road, in the Forty-second Ward of the City of Philadelphia. The executors found that this mortgage loan was in default; that the principal was long overdue, and upon demand the obligors said they could not pay either principal or interest; that the taxes were in arrears; and that the $15,000 second mortgage was subject to a first mortgage of $30,000. The executors concluded that there was no equity in the real estate encumbered by the mortgage, which was due on August 24, 1929. They then had a search made showing the various arrearages of taxes. The buildings themselves are in a rather dilapidated condition. The principal building is a 3-story stone store building with a 2-story frame building attached thereto to the north. The old stone barn in the rear of the lot is in such a dilapidated condition that it cannot be used. The frame premises are in a state of apparent disrepair. The executors entered judgment on the bond on June 23, 1933, and assessed damages on November 15, 1933, in the sum of $16,555 and the property was sold at sheriff's sale.

The real estate men produced by the plaintiff testified that the property in question was not suitable as an apartment house; that because of its close proximity to Broad Street, to which the business section has travelled, this particular section has lost considerable value. One real estate man, C. Harry Johnson, gave as his figure of the fair value of the premises as of June 4, 1934, ground $19,800, buildings $4,850, or a total of $24,650. August B. Schulte, another real estate man produced by the plaintiffs, testified in detail as to how he made his calculations of the land and buildings. He testified that in his opinion the fair value of the buildings was $10,000, and the fair value of the land was $18,727.

Counsel for defendants cross-examined the various witnesses produced by plaintiffs but presented no testimony. When asked by the court if defendants cared to introduce any evidence, they replied "not at this time". The defendants had ample opportunity to prepare their case and to present testimony from the date fixed by Finletter, President Judge of Court of Common Pleas No. 4. It is evident that it is their desire to delay the hearing as long as possible.

## Conclusions of law

1. The terms and provisions of the Act of January 17, 1934, P. L. 243, have been properly complied with.

2. The fair value of the premises in question was properly proved to be in the sum of $28,727.

3. The amount of the deficiency judgment in favor of plaintiffs and against the defendants is $17,143.33, with interest thereon from June 4, 1934.

4. The costs shall be paid by the defendants.

## Decree

And now, to wit, August 14, 1934, it is hereby ordered and decreed that the fair value of premises 6025 Old York Road, Philadelphia, is $28,727; that the

deficiency judgment in favor of plaintiffs and against defendants is $17,143.33, with interest thereon from June 4, 1934; and that the defendants shall pay the costs of this proceeding.

An exception to this order of the court is granted the defendants.